UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

NICHOLAS LOVE,

**AMENDED COMPLAINT**

Plaintiff,

15 CV 7870 (GBD)

-against-

Jury Trial Demanded

CITY OF NEW YORK, ROY ABOUNAOUM, Individually,
and MARK GORDON, Individually,

Defendants,

--------------------------------------------------------------------------------X

Plaintiff NICHOLAS LOVE, by his attorneys, the Leventhal Law Group, P.C.,

complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff NICHOLAS LOVE is a twenty-four year old African American man

residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, ROY

ABOUNAOUM and MARK GORDON, were duly sworn police officers of said department and

were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12.     On March 2, 2013, at approximately 12:00 a.m., plaintiff NICHOLAS LOVE arrived at 169 Bleecker Street, New York, New York, a restaurant and bar named "Thunder Jackson's," to meet a friend who worked there.  LOVE entered the establishment and waited for his friend.  Prior to arriving at that establishment, LOVE had been at the School of Visual Arts, where he attended class and then worked on his thesis for the Computer Art Department.

13.     At approximately 1:00 a.m., LOVE was lawfully present in front of Thunder Jackson's, speaking to a Thunder Jackson's security guard about his broken eyeglasses and Thunder Jackson's liability for the damage to his eyeglasses.

14.     While LOVE was speaking to the Thunder Jackson's security guard, defendants ROY ABOUNAOUM and MARK GORDON arrived at the location.

15.     ABOUNAOUM approached LOVE and suddenly, forcefully and unjustifiably grabbed LOVE and slammed him to the ground.

16.     LOVE's face and head violently hit the sidewalk and ABOUNAOUM drove his knees into LOVE's back.

17.     ABOUNAOUM grabbed LOVE's arms and violently pulled them behind LOVE's back and handcuffed LOVE.

18.     GORDON observed ABOUNAOUM unjustifiably throw LOVE to the ground and handcuff him.  GORDON had an opportunity to intervene and prevent ABOUNAOUM's unlawful conduct and failed to intervene in ABOUNAOUM's unlawful actions.

19.     LOVE was then transported to the NYPD's 6th precinct stationhouse and placed in a holding cell.

20.     While in the holding cell, LOVE was bleeding profusely from his head.

21.     Approximately ninety minutes later, NYPD officers transported LOVE to Bellevue Hospital Center, located at 462 First Avenue, New York, New York.

22.     At the hospital, LOVE received five sutures to close a laceration on the right side of his head that was caused when he was thrown to the ground by ABOUNAOUM.

23.     As a result of ABOUNAOUM's brutal assault LOVE also suffered additional lacerations to his head and bruising and swelling to his face, eye, arms and back.

24.     NYPD officers then transported LOVE back to the 6th precinct and imprisoned him therein.

25.     The defendant officers imprisoned LOVE until his arraignment on baseless charges of resisting arrest, attempted assault in the third degree, and harassment in the second degree; said charges were filed in New York County Criminal Court under docket number 2013NY017907; said charges having been filed based on the false allegations of ABOUNAOUM.

26.     ABOUNAOUM created and manufactured false evidence against LOVE and conveyed said evidence to the New York County District Attorney's Office causing said evidence to be used against LOVE in the aforementioned legal proceeding.

27.     Specifically, ABOUNAOUM swore in the criminal court complaint filed against LOVE that ABOUNAOUM observed LOVE "use both his hands and push [ABOUNAOUM] on [his] chest." ABOUNAOUM further swore that when he attempted to arrest LOVE for pushing him, LOVE "twisted his body away from [ABOUNAOUM], rolled on the ground, and threw his arms up and down, making it difficult to handcuff [LOVE]. [ABOUNAOUM] then observed

[LOVE] strike [him] on [his] chin with [LOVE's] elbow."  All of the aforementioned allegations are entirely false.

28.    The false charges compelled LOVE to return to court on April 16, 2013, when all the false allegations levied against LOVE were adjourned in contemplation of dismissal and subsequently dismissed and sealed in New York County Criminal Court.

29.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or  practice of: officers failing to intervene and failing to report the misconduct of other officers; subjecting individuals to excessive and unreasonable force; manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

30.    The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Southern and Eastern Districts of New York as well as in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the

defendants: fail to intervene and fail to report the misconduct of other officers; subject individuals to excessive and unreasonable force; manufacture false evidence against individuals in a conspiracy to justify their use of excessive force; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify the false arrest.

31.     In addition, in another civil rights action filed in this court involving false allegations of involvement in a narcotics transaction by NYPD officers, Senior United States District Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or police by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

32.     Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former NYPD Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

33.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

34.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiff NICHOLAS LOVE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.     As a result of the foregoing, plaintiff NICHOLAS LOVE is entitled to

7

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

41.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.    Defendants ABOUNAOUM and MARK GORDON arrested plaintiff

NICHOLAS LOVE without probable cause, causing him to be detained against his will for an

extended period of time and subjected to physical restraints.

43.    Defendant ABOUNAOUM and MARK GORDON caused plaintiff NICHOLAS

LOVE to be falsely arrested and unlawfully imprisoned.

44.    As a result of the foregoing, plaintiff NICHOLAS LOVE is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

45.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    The level of force employed by defendant ABOUNAOUM was excessive,

objectively unreasonable and otherwise in violation of plaintiff NICHOLAS LOVE'S

8

constitutional rights.

47.     As a result of the aforementioned conduct of defendant ABOUNAOUM, plaintiff NICHOLAS LOVE was subjected to excessive force and sustained physical and emotional injuries.

48.     As a result of the foregoing, plaintiff NICHOLAS LOVE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendant ABOUNAOUM created false evidence against plaintiff NICHOLAS LOVE.

51.     Defendant ABOUNAOUM utilized this false evidence against plaintiff NICHOLAS LOVE in legal proceedings.

52.     As a result of defendant ABOUNAOUM's creation and use of false evidence, plaintiff NICHOLAS LOVE suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

53.     As a result of the foregoing, plaintiff NICHOLAS LOVE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

9

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendant ABOUNAOUM issued criminal process against plaintiff NICHOLAS LOVE by causing his arrest and prosecution in a criminal court.

56.     Defendant ABOUNAOUM caused plaintiff NICHOLAS LOVE to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his acts of brutality and abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

57.     As a result of the foregoing, plaintiff NICHOLAS LOVE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendant MARK GORDON had an affirmative duty to intervene on behalf of plaintiff NICHOLAS LOVE, whose constitutional rights were being violated in his presence by other officers.

60.     Defendant MARK GORDON failed to intervene to prevent the unlawful conduct

described herein.

61.     As a result of the foregoing, plaintiff NICHOLAS LOVE's liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to excessive force, and he was humiliated and compelled to appear in family court.

62.     As a result of the foregoing, plaintiff NICHOLAS LOVE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff NICHOLAS LOVE'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

11

66.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to officers: failing to intervene and failing to report misconduct of other officers; subjecting individuals to excessive and unreasonable force; manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff NICHOLAS LOVE.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NICHOLAS LOVE as alleged herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff NICHOLAS LOVE as alleged herein.

70.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff NICHOLAS LOVE was unlawfully arrested, subjected to excessive force and maliciously prosecuted.

71.     Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff NICHOLAS LOVE'S constitutional rights.

72.     All of the foregoing acts by defendants deprived plaintiff NICHOLAS LOVE of federally protected rights, including, but not limited to, the right:

        A.     To be free from false arrest/unlawful imprisonment;

        B.     To be free from excessive force;

        C.     To be free from the failure to intervene;

        D.     To receive his right to fair trial; and

        E.     To be free from malicious abuse of process.

73.     As a result of the foregoing, plaintiff NICHOLAS LOVE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

13

**WHEREFORE**, plaintiff NICHOLAS LOVE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        February 12, 2016

                              LEVENTHAL LAW GROUP, P.C.
                              Attorneys for Plaintiff NICHOLAS LOVE
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 556-9600

                              By:     s/                                        .
                                      JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

NICHOLAS LOVE,

                                        Plaintiff,

                                                                15 CV 7870 (GBD)

            -against-

CITY OF NEW YORK, ROY ABOUNAOUM, Individually,
and MARK GORDON, Individually,

                                        Defendants,

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600